Francis X. Conlon, J.
This motion seeking an order to dismiss the complaint and to grant judgment in favor of the defendants, with costs, under rule 113 of the Rules of Civil Practice, on the ground that the action has no merit, is granted. This is a motion, in effect, for summary judgment. All of the defendants join in the motion.
The plaintiff is the owner of premises which overlook from the north a gore of land conveyed by the city to the defendant Beekman Terrace, Inc., by deed dated November 7, 1960, pursuant to a resolution of the Board of Estimate. This proceeding-purports to be a taxpayer’s action brought pursuant to section *126 51 of the General Municipal Law, whereby plaintiff seeks an order of this court rescinding the sale to Beekman Terrace and asserting that the conveyance of said parcel is illegal and void.
Since 1925, the defendant Beekman Terrace, Inc., has been the owner of premises 445-455 East 51st Street, County and City of New York. Adjoining these premises on the easterly boundary thereof is the gore of land which is the subject of this action. This gore was formerly land under the waters of the East River. Consequently, the defendant Beekman Terrace, Inc. was the upland owner to the land formerly under water along the westerly line of Franklin D. Roosevelt Drive at East 51st Street, and so was the upland owner within the provisions of subdivision 2 of section 383-3.0 of the Administrative Code of the City of New York. Said section provides the Board of Estimate is authorized: “2. To sell and convey to the upland owner any of the lands now or formerly under water, including lands under water excepted or reserved for street purposes out of grants of lands under water heretofore made by the city or its predecessors, along the westerly line of Franklin D. Roosevelt Drive (formerly known as East River Drive), between the northerly side * * * of East Thirtieth street and the southerly side of East Fifty-eighth street * * * in the borough of Manhattan. Such board of estimate, in its discretion, on and after May first, nineteen hundred forty-four, may sell and convey to any person or persons whomsoever, pursuant to section three hundred eighty-four of the charter, the aforesaid lands, described in this subdivision, which have not theretofore been granted or conveyed to the upland owners as provided in this subdivision ’ ’.
It is the contention of the plaintiff that this sale was made without public auction of land formerly under water, and that the said conveyance was illegal and void therefore.
It must be pointed out that a resolution was adopted by the Board of Estimate on October 20, 1960 whereby that body declared that the property to be transferred to Beekman Terrace, Inc., was not required for public use by the City of New York and further authorized a release of the city’s interest in the said property to Beekman Terrace, Inc. Said resolution was adopted after consideration of a petition made to the Board of Estimate and after consideration of a report from the Commissioner of Real Estate of the City of New York.
The contention of the plaintiff that as a matter of law the said conveyance was not authorized by the Administrative Code is not borne out by the section of the law hereinbefore referred to and by the other facts. The fact that the said defendant was *127 divested of the fee of said property by an in reni proceeding-does not alter the original character of the land in question as being land formerly under water. Since Beekman Terrace, Inc., is the owner of the upland immediately adjacent to the property in question, it is the only person to whom the Board of Estimate is authorized to make such a transfer without public sale.
It must be noted that this is a taxpayer’s action to rescind a sale of realty on the grounds of illegality and waste and is governed by section 51 of the General Municipal Law. Such an action requires the presence of bad faith, fraud, corruption and other official misconduct on the part of public officials in order to be successfully maintained. •
There is nothing alleged in the complaint establishing an illegal official act except that the conveyance is contrary to section 383-3.0 of the Administrative Code. With this we do not agree. The sale was properly conveyed and the rule of the code was complied with.
As to the complaints of the plaintiff as to “ waste or injury ’ ’ — had the property been sold at public auction, a greater price would have been secured — this is pure surmise. The price at which the property was sold was arrived at through a proper appraisal by qualified city appraisers. This is an administrative determination for which the court will not substitute its judgment.
Under all the circumstances, the court finds no triable issue and grants judgment to the defendants dismissing the complaint, pursuant to rule 113 of the Rules of Civil Practice.